UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Luis V.,

Petitioner,

v.

David Venturella, in his capacity as Acting Director, Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; Daren Margolin, Executive Office for Immigration Review; and David Easterwood, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations,

Respondents.

Civ. No. 26-3723 (PAM/DLM)

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Luis V.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1.)[1] Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

[1] The Court finds that counsel for Petitioner sufficiently verified that she is authorized to bring the Petition on Petitioner's behalf pursuant to 28 U.S.C. § 2242. (See Docket No. 1 at 18 (explaining that counsel has discussed the events in the Petition with Petitioner).)

**BACKGROUND**

Petitioner is a citizen of Ecuador, who entered the United States on August 16, 2023. (Pet. (Docket No. 1) at 2, 4[2]; Decl. of Ivan Sabin (Docket No. 6) ¶ 4.) On August 18, 2023, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear in Removal Proceedings, charging him as an alien who has not been admitted or paroled into the United States. (Sabin Decl. ¶ 5; id. Ex. D at 1.) ICE subsequently released Petitioner on parole. (Pet. Ex. A.) Petitioner has a pending application for asylum. (Id. Ex. C.)

On August 1, 2026, the Bloomington Police Department arrested Petitioner for domestic assault and the case remains pending. (Sabin Decl. ¶ 6.) That same day, ICE issued a Form I-200 Warrant for Arrest of Alien and lodged a detainer to the Hennepin County Jail. (Id. ¶ 7.) On August 3, 2026, ICE served Petitioner with the I-200 Warrant, took him into ICE custody, and issued a Form I-213 Record of Deportable/Inadmissible Alien. (Id. ¶¶ 8, 9.) Petitioner is detained at the Kandiyohi County Jail in Willmar, Minnesota. (Pet. at 2.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), R. & R. adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). The Petition seeks Petitioner's immediate

[2] Citations to the Petition refer to the page number, as the paragraphs are not continuously numbered.

release, and alleges Respondents violated Petitioner's constitutional rights and the Immigration and Nationality Act.

Petitioner's detention is mandatory under § 1225(b). "8 U.S.C. § 1225(b)(2)(A) . . . authorizes detention for an alien who is an applicant for admission, if. . . an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." Avila v. Bondi, 170 F.4th 1128, 1132 (8th Cir. 2026) (internal quotation marks omitted). Petitioner presents no evidence that he is not an "applicant for admission" or that he is clearly entitled to stay in the United States. See 8 U.S.C. § 1225(b)(2)(A). His release on temporary parole did not affect that he remains an applicant for admission, as parole under 8 U.S.C. § 1182(d)(5)(A) is not an admission. See id. § 1101(a)(13)(B)). The record is clear that Petitioner was detained upon his entry into Arizona and processed for removal as an alien present in the United States who has not been admitted or paroled. (Sabin Decl. Ex. D at 1.) Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination. His detention is thus mandatory.

To the extent Petitioner challenges the Department of Homeland Security's decision to end his parole, the Court lacks jurisdiction to consider that issue. The relevant statute confers broad discretion on the Secretary of Homeland Security, stating that:

> [t]he Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue

> to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). Thus, the statute makes clear that parole is temporary, offered at the discretion of the Secretary of Homeland Security, and may be terminated when the Secretary determines that the purpose of the parole has been served. The Eighth Circuit Court of Appeals has clarified that decisions subject to the discretion of the Secretary of Homeland Security under 8 U.S.C. § 1252(a)(2)(B) are "insulated from judicial review." Fofana v. Noem, 163 F.4th 1135, 1139 (8th Cir. 2026).[3]

Petitioner's Fifth Amendment and Immigration and Nationality Act claims fail, as he overlooks that his detention is mandatory under Avila. See Avila, 170 F.4th at 1136 (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"). Finally, Petitioner's Fourth Amendment claim is without merit. Section 1225(b) is silent as to any warrant requirement; even so, Petitioner was arrested on an I-200 Warrant for Arrest of Alien. (Sabin Decl. Ex. B.)

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

---

[3] The Court notes that a condition of Petitioner's parole was to remain law abiding. (Pet. Ex. A at 3.) Given Petitioner's arrest for domestic assault, it was reasonable for Respondents to believe that Petitioner failed to adhere to the conditions of his parole.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 18, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge